[Civ. No. 22138.   Second Dist., Div. Three.   Aug. 7, 1957.]

IRVING B. GLICKFELD et al., Appellants, v. RICHARD M. LERNER et al., Respondents.

Glickfeld & Goldstein for Appellants.

Harold A. Fendler, Robert Haves and Don Lowry for Respondents.

SHINN, P. J.—The sixth amended complaint in the present action was denominated as one "for specific performance with abatement, to impress a trust, for damages and for declaratory relief." Findings and judgment were in favor of defendants and plaintiffs appeal.

The essential facts are stated in the court's findings. The contention on appeal is that the court drew from them erroneous conclusions of law. The facts are that plaintiffs agreed to purchase from defendants Lerner (to be referred to as defendants) a residential property in Los Angeles. It was at the corner of Goodland Avenue and Halkirk Street. Between the lot lines and the pavement on each street was a 12-foot strip that belonged to the city. It is stated by plaintiffs, and not denied, that a picket fence encroached upon these strips and that landscaping extended to the pavement on each street. Plaintiffs discovered that there was insufficient room within the lot lines for a swimming pool of the size they wished to install. They had assumed that the lot lines extended to the pavement. When they learned what the boundaries were they were unwilling to consummate the purchase except at a reduced price, as to which the parties failed to agree.

The first instrument executed by the buyers and the sellers was in the form of a deposit receipt. It stated a price of $28,000 of which $10,000 was to be paid in cash and the balance by assumption of a note secured by trust deed of $18,000. Five hundred dollars was paid as a deposit. It was provided, in part, that interest, taxes, insurance and rents "shall be prorated to close of escrow—June (few days after schools close)." The sale was to be consummated through escrow. It was stated "time is of the essence of this contract," but there was stricken from the receipt a provision that the broker might extend the time for completion of the escrow for not over 30 days. Except for this statement there was none that specified a time for completion of the escrow or the sale. The property was described as "3961 Goodland Avenue" in Los Angeles County. On March 16th escrow instructions were signed. These stated that "prior to June 15, 1954" the buyers would deposit an additional $9,500 in escrow. The sellers were to

furnish a termite report. The property was described as Lot 89 of Tract 11433 in the city of Los Angeles as per a certain recorded map. A dispute arose as to the boundaries of the property known as 3961 Goodland Avenue.

The court found that the boundaries of 3961 Goodland Avenue were the same as those of Lot 89 of Tract 11433, and that an area of approximately 12 feet from the edge of the pavement upon Goodland Avenue and Halkirk Street to the property lines of the lot was owned by the city of Los Angeles. It was found that neither the broker nor defendants made any statements or representation to plaintiffs as to the boundaries of the property. It was also found that by the escrow instructions the parties intended to make certain the date of performance by plaintiffs and the defendants as prior to June 15, 1954, and to supersede any uncertain or indefinite time referred to in the deposit receipt. Plaintiffs did not deposit any sum into escrow. Defendants fully performed their obligations under the escrow agreement. From and after May 15th plaintiffs demanded a reduction in the purchase price. They were not ready or willing to complete the purchase at the agreed price. On June 14th and repeatedly before that time defendants had demanded performance by plaintiffs and prior to June 14th plaintiffs had suggested to defendants that another purchaser be found for the property; defendants relied thereon. On June 15th defendants sold the property to Thomas and Margaret D. MacLeod who were bona fide purchasers. It was further found that the property was worth $28,000 and that plaintiffs had not been damaged in any sum by reason of their failure to acquire title.

It is not contended that any one of the material findings was without support in the evidence. The finding that the MacLeods were bona fide purchasers is challenged, but it is not a material finding.

Plaintiffs' first contention is that time was not of the essence of their contract and it was error for the court to construe the agreement as one which required plaintiffs to deposit the purchase price prior to June 15th. They say "Failure to perform *prior to June* 15, 1954 was not, in and of itself, such nonfulfillment of a condition precedent as to bar plaintiffs' recovery." There is no merit in the point. ■ Plaintiffs, admittedly, had no intention of paying $28,000 for the property. They demanded a reduction of $5,000 in the purchase price. Since defendants were willing to convey the prop-

erty they had agreed to convey they had no duty to reduce the price. Under the escrow instructions, if the conditions of the escrow had not been complied with prior to June 15th, or any extended time, the escrow holder was authorized to complete the escrow upon compliance with the condition except as to time "unless written demand shall have been made upon you not to complete it." This gave the sellers the right to close the escrow in the event of the failure of the buyers to deposit the purchase price at the time agreed. (*Leiter* v. *Handelsman,* 125 Cal.App.2d 243 [270 P.2d 563]; *Spangler* v. *Castello,* 147 Cal.App.2d 49 [304 P.2d 752].) On June 14th defendants gave such a notice to the escrow holder, made demand for the return of all documents deposited by them, and directed the return to plaintiffs of all their documents, together with their $500 check which was in escrow. The basis of the notice and demand was the failure of plaintiffs to deposit the balance of the purchase price. The agreement of sale was properly and effectually terminated.

The mistake of plaintiffs as to the size of the lot was not the result of any representation or concealment by the defendants. There was no mutual mistake as to the boundaries of Lot 89. Neither did defendants agree to sell any property which they did not own. Upon the facts found defendants would have been entitled to require plaintiffs to perform their agreement. However, they released plaintiffs from the agreement and directed the return to them of the $500 which they had deposited.

Plaintiffs went to extreme lengths in order to state a case that would pass demurrer. In order to show that $28,000 was a fair price for the property they alleged that the premises, 3961 Goodland Avenue, were reasonably worth that sum on March 16, 1954. In order to state a separate cause of action for damages of $8,500, which they sought, they alleged that the value of the property on June 15th was $36,000. They alleged that the reason they failed to deposit the purchase price was because of the sale to the MacLeods and the failure of the Lerners to deposit a deed and termite report. The undisputed facts were that the deed was deposited March 18th and the termite report April 2nd, and that plaintiffs had no intention of depositing the money after they learned of the dimensions of the lot. They announced their intention of going to court for a settlement of the price they should pay, and they instituted the present action June

15th. They sought by the prayer of the complaint to have the MacLeods declared to be trustees of the title and that they be required to convey to plaintiffs for a price to be fixed by the court.

The whole theory of plaintiffs was that because of their own mistake they should have been awarded the property for a consideration of $5,000 less than the agreed price. They failed to establish any ground for relief as against the Lerners and, of course, could have no claim upon the title of the MacLeods. Many of the contentions of plaintiffs are frivolous.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.